# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1783
_____

Danny Lee Hooper

*Plaintiff - Appellant*

v.

Roosevelt Barden, Captain Shift Supervisor, EARU

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Delta
_____

Submitted: January 23, 2025
Filed: February 25, 2025
[Unpublished]
_____

Before BENTON, GRASZ, and KOBES, Circuit Judges.
_____

PER CURIAM.

Arkansas inmate Danny Lee Hooper appeals following the district court's[1] adverse judgment based on the partial grant of summary judgment and an adverse jury

---

[1] The Honorable D.P. Marshall Jr., United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Edie R. Ervin, United States Magistrate Judge for the Eastern District of Arkansas.

verdict in his 42 U.S.C. § 1983 action. Upon de novo review, we affirm the grant of summary judgment on Hooper's excessive-force claims regarding the use of pepper spray and a Taser during the extraction from his cell, and the takedown during Hooper's escort to an isolation cell. See Peterson v. Heinen, 89 F.4th 628, 636 (8th Cir. 2023) (officer did not use excessive force by pepper-spraying handcuffed but recalcitrant inmate who cursed at, threatened, and spit at officers); Burns v. Eaton, 752 F.3d 1136, 1138, 1140 (8th Cir. 2014) (standard of review; affirming summary judgment for officer who pepper-sprayed inmate, as inmate was refusing to leave cell, officer warned inmate that he would be sprayed if he did not submit to handcuffs, and officer sprayed inmate after each act of defiance); Hickey v. Reeder, 12 F.3d 754, 759 (8th Cir. 1993) (use of stun gun is constitutionally permissible when prison security and order, or safety of other inmates or officers, has been jeopardized).

To the extent Hooper challenges the sufficiency of the jury's adverse finding on the excessive-force claim regarding Barden's alleged assault in the isolation cell, we conclude that Hooper failed to preserve this issue for appeal, as he did not file timely motions for judgment as a matter of law under Federal Rule of Civil Procedure 50(a) or 50(b). See Ondrisek v. Hoffman, 698 F.3d 1020, 1025 (8th Cir. 2012) (to preserve insufficiency argument, party must move for judgment as a matter of law before submission to jury, or after verdict and entry of judgment, in accordance with rule). Finally, we find no abuse of discretion in the denial of Hooper's motion for leave to amend his complaint. See Friedman v. Farmer, 788 F.3d 862, 869 (8th Cir. 2015) (standard of review).

The judgment is affirmed. See 8th Cir. R. 47B. We deny Hooper's pending appellate motion for judgment as a matter of law.

_____